■ MARIA PAYNE, Respondent, v BIG V SUPERMARKETS, INC., Doing Business as SHOPRITE, Appellant

The plaintiff slipped and fell in the aisle of the defendant's supermarket. She commenced the instant action to recover damages for the injuries sustained as a result of the fall. In order to impose liability upon the defendant, there must be evidence tending to show that it created the condition which caused the accident or that it had actual or constructive

notice of that condition *(see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg* 99 AD2d 246; *Eddy v Tops Friendly Mkts.,* 59 NY2d 692, *affg* 91 AD2d 1203). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see, Negri v Stop & Shop,* 65 NY2d 625, 626). At her examination before trial, the plaintiff alleged that after her fall she noticed a green substance on the floor with a smear next to it. Conflicting proof was submitted on the motion for summary judgment in the form of a portion of the testimony of the assistant manager of the defendant supermarket who stated that he inspected the area following the plaintiff's fall and did not observe a green substance or wet area. Examination of the testimony of the assistant manager reveals that in completing the accident report he relied upon a maintenance log which the maintenance staff of the defendant supermarket was required to complete on an hour-by-hour basis. However, the maintenance log for the 30-day period prior to and including the date of the accident no longer exists and, thus, is not available for the plaintiff's examination. In addition, at the time the motion was made, the plaintiff had not deposed the maintenance men on duty prior to and at the time of the occurrence. Under the circumstances, we conclude that the plaintiff should be afforded the opportunity to complete her discovery prior to a determination as to whether summary judgment is appropriate. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.