■ BARBARA J. MULVEY et al., Respondents-Appellants, v SERVICE SYSTEMS CORPORATION, Appellant-Respondent.—In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), entered November 13, 1987, as denied its motion for summary judgment, and granted that branch of the plaintiffs' cross motion which was to bar it from calling Keith Sakowsky unless it produced that witness for deposition by the plaintiffs within 10 days after service of the order with notice of entry, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their cross motion which was to strike the defendant's answer or, alternatively, to compel it to produce the

above-named witness, or declare that they would be entitled to a missing witness instruction upon trial.

Ordered that the order is affirmed, without costs or disbursements; the defendant's time to produce Keith Sakowsky for deposition by the plaintiffs is extended; the deposition shall be held at a time and place to be specified in a notice of not less than five days to be served upon the defendant by the plaintiffs together by a copy of this decision and order with notice of entry.

We agree with the Supreme Court that there exist triable issues of fact regarding constructive notice, or the lack thereof, with regard to the allegation of the existence of a puddle of water on the cafeteria floor where the plaintiff fell. The lack of proof is, at least in part, attributable to the plaintiffs' inability to examine the defendant's former employee, which inability apparently resulted from the defendant's dilatory tactics *(see, Payne v Big V Supermarkets,* 140 AD2d 422). Accordingly, the court properly denied the defendant's motion for summary judgment *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). We also agree that because there is uncertainty as to when the witness, Keith Sakowsky, ceased to be employed by and under the control of the defendant, it is not clear that the defendant has acted in a willful or contumacious manner to frustrate disclosure so as to warrant the imposition of such harsh sanctions as striking its answer or, upon trial, giving a missing witness instruction pursuant to CPLR 3126 *(cf., Kramme v Town of Hempstead,* 100 AD2d 447, 451). However, under the circumstances of this case, the sanction imposed in barring the defendant from calling Keith Sakowsky as a witness, unless produced for deposition within 10 days after service of the order appealed from, was warranted *(see, Williams v Coren,* 112 AD2d 419). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.