■ IDA NUDELMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated August 28, 1989, which failed to grant unconditionally her motion to strike the defendant's answer for its failure to comply with a prior order of the same court dated March 16, 1989, directing the defendant's employee to appear at an examination before trial.

Ordered that the order is affirmed, with costs.

The drastic sanction of unconditionally striking an answer pursuant to CPLR 3126 for failure to comply with court-ordered discovery should not be invoked unless the resisting party's default is clearly shown to be deliberate and contumacious. The plaintiff failed to meet her burden of showing willfulness in the failure of the defendant's employee to appear at a court-ordered examination before trial. The witness showed up three times to be deposed. The initial deposition was adjourned on the consent of both parties. The reasons for the later adjournments cannot be resolved on this record. Moreover, there are further disputed facts and discrepancies in the record which preclude finding that the failure of the defendant's employee to appear was willful or contumacious

*(see, Mulvey v Service Sys. Corp.,* 146 AD2d 682), and preclude granting the plaintiff's motion unconditionally *(see, Dowlitt v City of New York,* 113 AD2d 722). Nor has the plaintiff shown that the delay, which inconvenienced both parties, changed her circumstances in any detrimental manner. Given the circumstances of the defendant's default and the lack of prejudice to the plaintiff as a result of the delay, the court acted properly in giving the defendant one additional opportunity to produce its employee *(see, Read v Dickson,* 150 AD2d 543, 544-545; *Mulvey v Service Sys. Corp., supra).* Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.