■ PATRICK GAMBLE, Respondent, v ANLYNNE, INC., Doing Business as ANDY'S TAVERN, Appellant. [604 NYS2d 253] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated May 22, 1991, which denied its motion to strike the plaintiff's pleadings on the condition that the plaintiff appear for an examination before trial within 60 days prior to the date set for trial.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof permitting the plaintiff to appear for an examination before trial within 60 days prior to the date set for trial; as so modified, the order is affirmed, without costs or disbursements, on the conditions (1) that the plaintiff personally pay $500 to the defendant within 20 days after service upon him of a copy of this decision and order, with notice of entry, and (2) that the plaintiff appear for an examination before trial to be held within 60 days after service upon him of a copy of this decision and order, with notice of entry, at a time and place to be specified in a written notice of not less than 10 days to be given by the defendant, or at such time and place as the parties may agree; and it is further,

Ordered that in the event that these conditions are not complied with, then the order is reversed, as a matter of discretion, with costs, and the defendant's motion is granted in its entirety.

The defendant in this case moved pursuant to CPLR 3126 for an order striking the plaintiff's pleadings and dismissing the action after the plaintiff failed to appear for an examination before trial and the plaintiff's attorney informed the court that the plaintiff could not be located. By an order dated May 22, 1992, the trial court allowed the plaintiff 60 days prior to the date set for trial to appear for his examination before trial, but stated that his failure to do so would result in his not being able to testify at the trial.

While the sanction to be imposed pursuant to CPLR 3126 is within the sound discretion of the trial court (see, Rossi v Lin, 189 AD2d 868), we are of the view that, since a trial date has not been set and the plaintiff has not appeared for a deposition, the disposition reached herein is the more appropriate one (see, Mendelsohn v Murphy, 36 AD2d 625). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.