■ ANNA SPARACINO, Respondent, v STEVEN W. MINNET et al., Appellants, and FREIGHTLINER CORP. et al., Respondents. [623 NYS2d 120] —In an action to recover damages for personal injuries and wrongful death arising from a motor vehicle accident, the defendants Jing Truck Leasing Corp. and Jing Beer Distributors, Inc., appeal from (1) a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered September 16, 1993, which upon a prior order of the same court dated July 6, 1993, striking the appellants' answer, awarded the defendant Freightliner Corp. judgment on its cross claim against them, and (2) a resettled judgment of the same court entered October 4, 1993, which, *inter alia,* adjudged Jing Truck Leasing Corp., Jing Beer Distributors, Inc., and Steven W. Minnet liable to the plaintiff on all causes of action alleged in the complaint, and Jing Truck Leasing Corp., Jing Beer Distributors, Inc., and Steven W. Minnet appeal, as limited by their brief, from so much of an order of the same court, dated May 9, 1994, as upon granting the motion by Jing Truck Leasing Corp. and Jing Beer Distributors, Inc., for renewal and reargument, adhered to its original determination.

Ordered that the appeals from the judgment and the resettled judgment are dismissed, as they were superseded by the order made upon renewal and reargument; and it is further,

Ordered that the order dated May 9, 1994, is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the order dated July 6, 1993, the judgment entered September 16, 1993, and the resettled judgment entered October 4, 1993, are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The appellants contend that the Supreme Court improvi-

dently exercised its discretion in striking their answer and cross claims and granting judgment to the respondents. We agree with the appellants to the extent of finding that under the circumstances present here, it was an improper exercise of discretion to impose such drastic sanctions without first holding a hearing to determine whether or not the appellants' conduct was willful and/or contumacious. We therefore remit this matter to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The determination of the proper sanction to be imposed for a failure to comply with a discovery request is to be made by the Supreme Court. That determination should not be disturbed absent a showing that the discretion was improvidently exercised (see, Rossi v Lin, 189 AD2d 868). However, it is improper to strike a party's answer absent a showing that the party was guilty of willful and/or contumacious behavior (see, Gross v Edmer Sanitary Supply Co., 201 AD2d 390; Goens v Vogelstein, 146 AD2d 606).

The record before us is insufficient to permit us to make such a determination. Moreover, since on the facts of this case, there is a question as to what prejudice, if any, the respondents have suffered, the drastic sanctions imposed herein should only have been imposed, if at all, after a hearing.

We find the parties' remaining contentions to be either without merit or academic in light of this determination. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.