■ BRONWYN R. SMITH, Appellant, v NEW YORK TELEPHONE COMPANY, INC., Respondent, et al., Defendants. [653 NYS2d 30] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Bernhard, J.), entered December 7, 1995, as, upon renewal, denied her motion pursuant to CPLR 3126 to strike the answer of the defendant New York Telephone Company, Inc., for failure to comply with certain court-ordered discovery obligations.

Ordered that the order is affirmed, insofar as appealed from, without costs or disbursements, on condition that the defendant New York Telephone Company, Inc., pay the sum of $2,500 to the plaintiff within 30 days after service upon it of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event that the defendant New York Telephone Co, Inc., neglects or fails to comply with the foregoing condition, then the order is reversed insofar as appealed from, as a matter of discretion, with costs, the plaintiff's motion is granted in its entirety, and the answer of the defendant New York Telephone Company, Inc., is stricken.

It is well settled that the harsh remedy of striking a defendant's answer because of discovery defaults should only be imposed when that defendant is shown to be guilty of willful or contumacious conduct (see, Athanasios v First Natl. City Bank US Corp., 225 AD2d 726; Sparacino v Minnet, 212 AD2d 522; Nudelman v New York City Tr. Auth., 172 AD2d 503). In light of the ultimate, albeit begrudging, compliance with the court-ordered discovery by the defendant New York Telephone Company, Inc., the court did not improvidently exercise its discretion by declining to strike its answer. However, because the plaintiff endured lengthy delays and was repeatedly forced to seek judicial intervention to secure the discovery of the items to which she was entitled, the imposition of a monetary sanction is appropriate (see, Athanasios v First Natl. City Bank US Corp., supra; Gamble v Anlynne, Inc., 199 AD2d 303; Oliveri v Carter, 194 AD2d 525). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.