■ VIDA JOHNSON et al., Plaintiffs, v HOPELIN BROWN, Defendant. (Action No. 1.) HOPELIN BROWN et al., Respondents, v KERALA TRANSPORTATION CORP. et al., Appellants. (Action No. 2.) [662 NYS2d 776] —In two related actions to recover damages for personal injuries, the defendants in Action No. 2, Kerala Transportation Corp. and Vladimir Fridman, appeal (1), as limited by their brief, from so much of an amended order of the Supreme Court, Kings County (Kramer, J.), dated October 31, 1995, as, upon an order of the same court, dated April 13, 1995, in effect, granted the motion of the plaintiffs in Action No. 2 to strike their answer pursuant to CPLR 3126, for failure to comply with a pre-calendar order dated May 12, 1994, and directed an inquest, and (2), as limited by their brief, from so much of an order of the same court, dated February 2, 1996, as granted the motion of the plaintiffs in Action No. 2 to correct the caption of the amended order of the same court, dated October 31, 1995, so as to reflect the correct Index Number of Action No. 2 as 41820/92, and directed an inquest against the defendant Kerala Transportation Corp.

Ordered that the amended order dated October 31, 1995, is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated April 13, 1995, is vacated, and the motion of the plaintiffs in Action No. 2 to strike the answer of the defendant Kerala Transportation Corp. is denied on condition that the defendant Vladimir Fridman appear for an examination before trial to be held within 60 days after service upon the defendant Kerala Transportation Corp. of a copy of this decision and order, with notice of entry, at a time and place to be specified in a written notice of not less than 10 days to be given by the plaintiffs, or at such time and place as the parties may agree, and the order dated February 2, 1996, is modified accordingly, and in the event the condition is not complied with, then the orders dated February 2, 1996, and

October 31, 1995, are affirmed insofar as appealed from, and the order dated April 13, 1995, is reinstated; and it is further,

Ordered that the order dated February 2, 1996, is modified, on the law, by deleting therefrom the provisions which directed an inquest against the defendant Kerala Transportation Corp.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The law is well settled that resort to the drastic sanction of striking a defendant's answer will not be had unless the defendant's default is " 'clearly shown to be deliberate and contumacious' " (*Tschernia v Embanque Capital Corp.*, 161 AD2d 585, 587, quoting *Read v Dickson*, 150 AD2d 543, 544; *Wilson v Brunswick Hosp.*, 199 AD2d 496). In the case at bar, the defendant Kerala Transportation Corp. demonstrated in its papers that it made diligent efforts to secure the attendance of its driver, the defendant Vladimir Fridman, at an examination before trial. Accordingly, the failure of Kerala Transportation Corp. in this regard cannot be considered to be "deliberate and contumacious". Under the circumstances, particularly since defendant Fridman was located, the more appropriate remedy is to deny the plaintiffs' motion on condition that Fridman appear for an examination before trial within 60 days after service upon the defendant Kerala Transportation Corp. of the decision and order herein with notice of entry (*see, Gamble v Anlynne, Inc.*, 199 AD2d 303), or at such other time as the parties may agree.

We have reviewed the defendants' remaining argument and find it to be without merit. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.