◼ LAWRENCE D. GADLEY, Respondent, v U.S. SUGAR COMPANY, INC., Appellant and Third-Party Plaintiff-Appellant. EGW TEMPORARIES, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [688 NYS2d 350] —Order unanimously reversed on the law without costs, answer and third-party complaint reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint. "[M]ultiple summary judgment motions in the same action should be discouraged in the absence of newly discovered evidence or sufficient cause" (*Public Serv. Mut. Ins. Co. v Windsor Place Corp.*, 238 AD2d 142, 143). In any event, the conflicting affidavits create a question of fact regarding plaintiff's status as a special employee (*see, Gadley v U.S. Sugar Co.*, 210 AD2d 983).

The court abused its discretion, however, in granting without a hearing plaintiff's motion to strike the answer and third-party defendant's motion to dismiss the third-party complaint

based on defendant's failure to produce certain requested discovery materials. Trial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed (*see, Andruszewski v Cantello*, 247 AD2d 876). While the relief granted to plaintiff and third-party defendant is a sanction available to the court upon defendant's failure to comply with discovery requests (*see,* CPLR 3126 [3]), it is well settled that the harsh remedy of striking an answer should be granted only where it is conclusively shown that the discovery default was deliberate or contumacious (*see, Quinn v Broder*, 225 AD2d 1110; *Gaylord Bros. v RND Co.*, 134 AD2d 848). We cannot determine on the record before us whether a discovery default occurred, and, if so, whether it was deliberate or contumacious. Nor are we able to determine the effect of such default, if any, on plaintiff and third-party defendant; "[t]he general rule is 'that the demanding party should not be granted more relief for nondisclosure than is reasonably necessary to protect legitimate interests' " (*Gaylord Bros. v RND Co., supra*, at 849). We therefore reverse the order in appeal No. 1 and remit the matter to Supreme Court for a hearing before a different Justice to determine those issues and the appropriate sanction, if any (*see, Sparacino v Minnet*, 212 AD2d 522, 523). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Denman, P. J., Green, Pine, Hayes and Hurlbutt, JJ.