■ MAMEWLA THOMPSON, Appellant, v PIZZA HUT OF AMERICA, INC., et al., Respondents. [691 NYS2d 99] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 7, 1998, which granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff was injured in the defendants' establishment when she was struck in the head and upper body by a lavatory door which came off its hinges as she pulled it towards her to close it. The defendants sought summary judgment in this matter, contending that the plaintiff could not establish that they had actual or constructive notice of the defective condition of the instrumentality which caused the injury.

In order to prevail on their summary judgment motion, the defendants had to prove they were entitled to the requested relief as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). They failed to establish that there was a lack of actual or constructive notice of the unsafe condition of the door for a sufficient period of time to enable them to remedy the situation, in that the defendants failed to demonstrate reasonable maintenance of the bathroom facility. Triable issues of fact therefore

exist on the issue of negligence, and the defendants' motion for summary judgment is denied (*see, Phillips v Kantor & Co.,* 31 NY2d 307; *Zuckerman v City of New York,* 49 NY2d 557; *Payne v Big V Supermarkets,* 140 AD2d 422; *Elzer v Nassau County,* 111 AD2d 212).

The plaintiff cross-moved for summary judgment based on the doctrine of res ipsa loquitur, alleging that liability exists under this doctrine as a matter of law. In order for res ipsa loquitur to be found, three conditions must be met: (1) the event must be of a kind that ordinarily does not occur in the absence of someone's negligence, (2) it must be caused by an instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*Kambat v St. Francis Hosp.,* 89 NY2d 489; *Bonventre v Max,* 229 AD2d 557).

In the present case, the plaintiff failed to establish, as a matter of law, that the defendants had sufficient exclusivity of control of the door to rule out the chance that the defect in the door was caused by some agency other than the defendants' alleged negligence (*see, Raimondi v New York Racing Assn.,* 213 AD2d 708). Accordingly, the plaintiff's cross motion for summary judgment was properly denied. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.