■ PHYLLIS DeCINTIO, Appellant, v TAUSEEF AHMED et al., Respondents. [714 NYS2d 101] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated September 24, 1999, as, upon granting her motion,

in effect, for reargument, adhered to a determination in a prior order of the same court dated August 24, 1999, granting the defendants' motion pursuant to CPLR 3126 to dismiss the complaint on the ground that the plaintiff failed to comply with prior court orders.

Ordered that the order dated September 24, 1999, is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, upon reargument, the order dated August 24, 1999, is vacated, the defendants' motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith on the condition that the plaintiff pay $500 to Wilson, Bave, Conboy, Cozza & Couzens, P. C., the attorneys for the defendants; and it is further,

Ordered that the plaintiff's time to comply with the above-stated condition is extended until 30 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event that the above condition is not complied with, the order is affirmed insofar as appealed from, with costs to the defendants.

Although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the sound discretion of the trial court, the harsh penalty of striking a pleading should only be imposed when the conduct of a party is shown to be willful or contumacious (*see, Smith v New York Tel. Co.,* 235 AD2d 529). In this case, the record does not show that the plaintiff's failure to comply with prior court orders, including her failure to appear at the deposition of one of the defendant physicians, was willful or contumacious. Under the circumstances, the court erred in granting the defendants' motion to dismiss the complaint (*see, Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438; *Gorokhova v Belulovich,* 267 AD2d 202; *Brennan v McCarthy,* 255 AD2d 477). However, considering the short notice given to the defendants' attorneys of the cancellation of the second deposition, the defendants' attorneys are awarded $500 costs. The plaintiff should be afforded a limited amount of time set by the court to conduct the deposition. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.