■ VELMA MARTIN, Respondent, v WILLIE J. HALL, Appellant. [725 NYS2d 852] —In an action, *inter alia,* for a judgment declaring that the parties have a valid, common-law marriage under the laws of sister states which is entitled to recognition by the State of New York, the defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated March 10, 2000, which granted the plaintiff's motion pursuant to CPLR 3126 to strike his answer.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is denied, and the answer and counterclaim are reinstated; and it is further,

Ordered that the defendant is directed to fully comply with

the plaintiff's demands for interrogatories and documents within 30 days after service upon him of a copy of this decision and order with notice of entry.

To invoke the drastic remedy of striking a pleading pursuant to CPLR 3126 for noncompliance with a court order for disclosure, the court must determine that the party's failure to comply was the result of willful, deliberate, and contumacious conduct or its equivalent (*see, Caruso v Malang,* 234 AD2d 496). The plaintiff did not meet her burden of showing that the defendant's default was willful, deliberate, and contumacious (*see, Nudelman v New York City Tr. Auth.,* 172 AD2d 503). Since the Supreme Court struck the word "willfully" from its order, we conclude that it did not find the defendant's conduct to be willful, deliberate, or contumacious. Therefore, it was error to strike the defendant's answer.

The defendant is directed to fully comply with plaintiff's demands for interrogatories and documents within 30 days after service upon him of a copy of this decision and order, with notice of entry. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.