SECOND DEPARTMENT, FEBRUARY, 2002

(February 4, 2002)

■ PETER ABBADESSA, Appellant, v SPRINT et al., Respondents. (And a Third-Party Action.) [736 NYS2d 881] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated May 24, 2001, which granted his motion for a protective order only to the extent of limiting the issues on which the defendants could depose nonparty witness Christine M. Crisafulli.

■ PETER ABBADESSA, Appellant, v SPRINT, Respondent, et al., Defendants. (And a Third-Party Action.) [736 NYS2d 880] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 3, 2001, as denied that branch of his motion pursuant to CPLR 3126 (3) which was, in effect, to strike the answer insofar as asserted on behalf of the defendant Sprint based on Sprint's failure to comply with the terms of a so-ordered stipulation dated March 21, 2001, to provide discovery.

Ordered that the order is reversed, with costs to the plaintiff, and that branch of the plaintiff's motion which was, in effect, to strike the answer insofar as asserted on behalf of the defendant Sprint is denied on condition that the defendant Sprint comply with demands 3, 4, and 5 of the plaintiff's notice for discovery and inspection dated January 30, 2001, and if a particular document is unavailable, submits a detailed affidavit explaining the unavailability, and in the event the conditions are not complied with, that branch of the motion is granted; and it is further,

Ordered that the time of the defendant Sprint to comply is enlarged until 30 days after the service upon it of a copy of this decision and order.

The defendant Sprint failed to adequately comply with a so-ordered stipulation dated March 21, 2001, which, inter alia, directed it to respond to the plaintiff's notice for discovery and inspection dated January 30, 2001. Neither the affidavit of a Sprint senior legal analyst nor other evidence in the record establishes that disclosure of the records or documents requested in items 3, 4, and 5 of the plaintiff's notice for discovery and inspection is impossible (*see, Wilensky v JRB Mktg. & Opn. Research,* 161 AD2d 761, 762). Although Sprint's response was inadequate, there was no showing that it was guilty of willful or contumacious behavior (*see, Martin v Hall,* 283 AD2d 615; *Mohammed v 919 Park Place Owners Corp.,* 245 AD2d 351; *Sparacino v Minnet,* 212 AD2d 522; *Gross v Edmer Sanitary Supply Co.,* 201 AD2d 390; *Goens v Vogelstein,* 146 AD2d 606).

We note that items 6, 7, and 8 of the notice for discovery and inspection are overly broad, and Sprint need not comply with those demands (*see, People v Gissendanner,* 48 NY2d 543; *Oak Beach Inn Corp. v Town of Babylon,* 239 AD2d 568). Ritter, Acting P.J., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.