■ Trataros Construction, Inc., Respondent, v New York City School Construction Authority, Appellant, et al., Defendants. [849 NYS2d 582]—

In an action to recover damages for breach of contract, the defendant New York City School Construction Authority appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Solomon, J.), dated November 2, 2005, as denied that branch of its motion which was pursuant to CPLR 3126 to dismiss the complaint with prejudice as a sanction for the plaintiff's failure to produce Costas Trataros and Nicos Trataros for depositions by a date certain and, (2) an or-

der of the same court dated August 16, 2006, as denied those branches of its motion which were for leave to renew and for leave to amend its answer.

Ordered that the order dated August 16, 2006, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant New York City School Construction Authority which was for leave to renew and substituting therefor a provision granting that branch of the motion and, upon renewal, vacating the order dated November 2, 2005, and granting that branch of the prior motion which was pursuant to CPLR 3126 to dismiss the complaint as a sanction for the plaintiff's failure to produce Costas Trataros and Nicos Trataros for depositions by a date certain, to the extent of directing dismissal of the complaint with prejudice unless, within 45 days, the plaintiff produces Costas Trataros and Nicos Trataros for depositions; as so modified, the order dated August 16, 2006, is affirmed insofar as appealed from, with costs, and the time for the plaintiffs to produce Costas Trataros and Nicos Trataros for depositions is extended until 45 days from the date of service of a copy of this decision and order upon the plaintiff; and it is further,

Ordered that the appeal from the order dated November 2, 2005 is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated August 16, 2006.

The Supreme Court improvidently exercised its discretion in denying that branch of the motion of the defendant New York City School Construction Authority (hereinafter the SCA), which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3126 to dismiss the complaint as a sanction for the plaintiff's failure to produce Costas Trataros and Nicos Trataros for depositions by a date certain. The SCA proffered new facts on its motion to renew (see CPLR 2221 [e]) establishing that, even after the plaintiff became subject to an order dated November 2, 2005, inter alia, compelling it to produce Costas Trataros and Nicos Trataros for depositions, it expressly refused to produce them. Thus, to the extent that the SCA sought renewal in order to change the contingent penalty to be imposed on the plaintiff for failing to produce Costas Trataros and Nicos Trataros for depositions from preclusion of their testimony to dismissal of the complaint, the SCA's motion to renew should have been granted. In determining that the plaintiff's failure to produce Costas Trataros and Nicos Trataros for depositions would result only in preclusion of their testimony at trial (see CPLR 3126 [3]), the Supreme Court failed to ac-

count for the willful and contumacious refusal of the plaintiff to produce these witnesses and to afford the SCA meaningful enforcement of the grant of its motion to compel (*see* CPLR 3124). Under the circumstances of this case, where the witnesses' testimony may be crucial to the ability of the SCA, inter alia, to establish the plaintiff's responsibility for premature deterioration of the facade of the subject real property, and in view of the plaintiff's flat-out refusal twice to produce either witness, mere preclusion of the witnesses' testimony was not a sufficient sanction under CPLR 3126 (*cf. Poulas v U-Haul Intl.,* 288 AD2d 202 [2001]; *Postel v New York Univ. Hosp.,* 262 AD2d 40, 42 [1999]; *Mills v Ducille,* 170 AD2d 657, 658 [1991]).

As we similarly held in a companion case, the Supreme Court properly denied that branch of the SCA's motion which was for leave to amend its answer (*see Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007] [decided herewith]). Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.