MARY LOUISE PALLACI et al., Respondents, v JOSEPH F. ALBIN, Appellant. (Action No. 1.) KAREN M. PALLACI-SMITH et al., Respondents, v JOSEPH F. ALBIN, Appellant. (Action No. 2.) [850 NYS2d 802]—

Appeal from an order of the Supreme Court, Niagara County (Gerald J. Whalen, J.), entered August 10, 2006. The order, insofar as appealed from, denied defendant's motions to vacate the orders entered May 16 and 31, 2006, which struck defendant's answers, ordered that judgments be entered on behalf of plaintiffs, and ordered inquests on damages.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motions are granted, the orders entered May 16 and 31, 2006 are vacated and the answers are reinstated.

Memorandum: Plaintiffs commenced their respective actions seeking damages arising from a motor vehicle accident. Supreme Court sua sponte struck defendant's answers, ordered that judgments be entered on behalf of plaintiffs, and ordered inquests on damages, based on the failure of defendant's attorney to attend a pretrial conference as well as the prior alleged collective conduct of other attorneys in the law firm of defendant's attorney in connection with litigation unrelated to the instant matter. We agree with defendant that the court erred in denying his motions to vacate the orders entered in each action and to reinstate his answers. The record establishes that the court acknowledged that the failure of defendant's attorney to appear at the pretrial conference was the result of a miscommunication

with the court concerning the conference and that the orders were based upon prior alleged conduct of other attorneys in the law firm of defendant's attorney. There was thus no showing that the failure of defendant's attorney to appear at the pretrial conference was willful or contumacious (*see Forman v Jamesway Corp.*, 175 AD2d 514, 515-516 [1991]; *Roof v Bogdanski*, 174 AD2d 1046 [1991]; *see generally Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042 [1999]), and it cannot be said that the failure of defendant's attorney to appear at the pretrial conference amounts to a default (*see* 22 NYCRR 202.27; *see generally O'Brien v Occidental Chem. Corp.* [appeal No. 3], 266 AD2d 915 [1999]; *Gadley*, 259 AD2d at 1042). We cannot condone the court's action in deeming defendant in default in these actions based on the alleged conduct of other attorneys in the law firm of defendant's attorney in matters unrelated to this litigation (*see generally American Audio Serv. Bur. Inc. v AT & T Corp.*, 33 AD3d 473, 476-477 [2006]; *Travelers Ins. Co. v Abelow*, 14 AD3d 395 [2005]; *Fink Weinberger v Rosenkrantz*, 252 AD2d 368 [1998]).

Even, assuming, arguendo, that there was a default, we would nevertheless conclude that the court should have granted defendant's motions because defendant's attorney offered a "reasonable excuse" for his failure to appear at the pretrial conference (*Leone v Esposito*, 299 AD2d 930, 931 [2002], *lv dismissed* 99 NY2d 611 [2003]), as well as a meritorious defense to the actions (*see Dokmecian v ABN AMRO N. Am.*, 304 AD2d 445 [2003]; *Perez v New York City Hous. Auth.*, 290 AD2d 265 [2002]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.