■ JADADIC ADZER et al., Appellants, v RUDIN MANAGEMENT Co., INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [856 NYS2d 674]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated June 7, 2006, which granted the motion of the defendants Rudin Management Co., Inc., and Three Times Square Center Partners, LLP, for leave to renew and reargue their opposition to that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to impose a sanction upon them for their failure to make disclosure, which was determined in an order dated November 5, 2004, and for leave to renew and reargue their opposition to that branch of the plaintiffs' subsequent motion which was, in effect, to strike their answer, which was determined in an order dated January 23, 2006, and, upon renewal and reargument, vacated so much of the order dated January 23, 2006, as struck the answer of those defendants.

Ordered that the order dated June 7, 2006 is modified, on the law, by adding a provision thereto directing that the attorneys for the defendants Rudin Management Co., Inc. and Three Times Square Center Partners, LLP, pay to the plaintiffs the sum of $1,500; as so modified, the order is affirmed, without costs or disbursements, and the time for the attorneys for the defendants Rudin Management Co., Inc. and Three Times Square Center Partners, LLP, to pay to the plaintiffs the sum of $1,500 is 30 days after service upon them of a copy of this decision and order.

The plaintiff Jadadic Adzer allegedly was injured in the sub-basement of the premises owned and managed by the defendants

Rudin Management Co., Inc. and Three Times Square Center Partners, LLP (hereinafter the Rudin defendants), when a locker in the ladies' locker room fell on her. During the discovery process the parties engaged in motion practice which resulted in the court issuing a conditional order dated November 5, 2004, striking the Rudin defendants' answer unless they furnished to the plaintiffs, within a specified period of time, certain items of discovery demanded by the plaintiffs, or alternatively, provided a "detailed statement, made under oath," indicating, inter alia, that such items did not exist or were destroyed and the basis for such destruction.

Subsequently, the plaintiffs claimed that the discovery was not provided within the time specified in the conditional order and they moved, inter alia, in effect, to strike the Rudin defendants' answer. The Rudin defendants opposed the motion. In an order dated January 23, 2006 the court determined, among other things, that the Rudin defendants had not complied with the conditional order and struck their answer.

Thereafter, the Rudin defendants moved for leave to renew and reargue, among other things, that branch of the plaintiffs' prior motion which was, in effect, to strike their answer. In support of that motion, the Rudin defendants presented evidence, inter alia, that certain documents responsive to the plaintiffs' discovery demand had been removed from their possession, and that, in any event, the plaintiffs were not prejudiced by their inability to comply with that portion of the conditional order. In opposition, the plaintiffs asserted that this proof was inadequate because the Rudin defendants did not provide the alternative information required by the conditional order, namely, an affidavit explaining the inability to provide the documents in question. In reply, the Rudin defendants claimed that the lawyer handling the matter had left their employ when they closed their Jericho offices and the failure to comply with the court-authorized alternative was inadvertent. Based on that proof, the court granted the Rudin defendants' motion for leave to renew and reargue and thereupon vacated so much of its prior order dated January 23, 2006 as struck their answer. The court found that the Rudin defendants' failure to comply with the conditional order was not willful and contumacious, and that the plaintiffs had not been prejudiced by the delay in complying with discovery.

Sound jurisprudential principles underlie our determination that the Supreme Court providently exercised its discretion in granting the Rudin defendants leave to renew and reargue under the circumstances of this case. First, there is a strong

public policy which favors a determination on the merits (*see Storchevoy v Blinderman,* 303 AD2d 672 [2003]). Second, we have consistently held that the Supreme Court is possessed of broad discretion in granting renewal, and the application of that discretion and the governing principles are to be flexibly applied to advance the interests of justice (*see Heaven v Mc-Gowan,* 40 AD3d 583 [2007]; *Lafferty v Eklecco, LLC,* 34 AD3d 754 [2006]; *Petsako v Zweig,* 8 AD3d 355 [2004]; *Gomez v Needham Capital Group, Inc.,* 7 AD3d 568 [2004]; *Bepat v Chandler,* 2 AD3d 764 [2003]; *Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw,* 304 AD2d 668 [2003]).

In this instance the Supreme Court, in essence, determined that the moving defendants had substantially complied with the conditional order or satisfactorily explained their noncompliance. More significantly, the court, in a well-reasoned decision, concluded that the intent of its prior directives had been sufficiently satisfied, to wit, that the plaintiffs were provided with sufficient discovery to proceed with the prosecution of the action. To second guess what the court believed to be its original intent and the manner in which it wanted discovery to proceed would elevate form over substance and would not further the interests of justice.

Notwithstanding the foregoing, and because we find that the plaintiffs were unnecessarily required to make successive motions in an effort to obtain the discovery responses, the Supreme Court improvidently exercised its discretion in failing to impose any penalty upon the attorneys for the Rudin defendants. While we agree that the ultimate penalty of striking the pleadings was not warranted, we conclude that the Supreme Court should have imposed a penalty upon the attorneys for the Rudin defendants in the sum of $1,500, payable to the plaintiffs (*see DeCintio v Ahmed,* 276 AD2d 463 [2000]). Lifson, J.P., Ritter, Santucci and Dillon, JJ., concur.