■ JACKLYN DEANS et al., Appellants, v JAMAICA HOSPITAL MEDICAL CENTER, Respondent. [883 NYS2d 313]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered June 5, 2008, as denied those branches of their motion which were to strike the defendant's answer pursuant to

CPLR 3126 (3), to compel the defendant to respond to additional discovery requests, to hold a nonparty witness in civil contempt for failing to respond to a subpoena, and for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to strike the defendant's answer pursuant to CPLR 3126 (3), and substituting therefor provisions granting that branch of the motion to the extent of (1) directing that the defendant's answer be stricken unless, within 45 days, the defendant produces for a deposition the physician who was in charge of the Medical Intensive Care Unit on November 14, 2001, or, if that physician is not available, the physician currently in charge of the Medical Intensive Care Unit, and (2) directing that the defendant pay the plaintiffs the sum of $10,000 within 30 days; as so modified, the order is affirmed insofar as appealed from, with costs, and the time for the defendant to produce the physician and the time for the defendant to pay the plaintiffs the sum of $10,000 is extended until 45 days and 30 days, respectively, from the date of service of a copy of this decision and order upon the defendant.

The defendant's failure to comply with its discovery obligations was extensive, continuing, and willful, and the proffered excuses are unsatisfactory. Although "[t]he nature and degree of the penalty to be imposed for the willful failure to obey an order of disclosure is a matter lying within the sound discretion of the court" (*D.A.D. Rest. v North Riv. Ins. Co.*, 204 AD2d 510, 510 [1994]), and we agree with the Supreme Court that the "ultimate penalty" of striking the answer (*Adzer v Rudin Mgt. Co., Inc.*, 50 AD3d 1070, 1072 [2008]) was unwarranted, at least up to this point, the Supreme Court improvidently exercised that discretion in declining to impose any sanction. The imposition of a penalty in the sum of $10,000 upon the defendant, payable to the plaintiffs, is warranted under the circumstances (*see* CPLR 3126; *Adzer v Rudin Mgt. Co., Inc.*, 50 AD3d at 1072; *Figdor v City of New York*, 33 AD3d 560, 560-561 [2006]; *DeCintio v Ahmed*, 276 AD2d 463, 464 [2000]), and the defendant's answer should have been stricken unless it paid a penalty and produced the witness specified above (*see Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 872, 873 [2007]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.