In an action, inter alia, to recover damages for wrongful death and personal injuries, etc., the defendant Otis Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 29, 2008, as denied its motion pursuant to *669 CPLR 3124 and 3126, among other things, to compel the plaintiff to respond to certain discovery demands and to comply with an order of the same court entered July 30, 2008, directing the plaintiff to comply with a preliminary conference order dated March 18, 2008, to dismiss the complaint insofar as asserted against it if the plaintiff failed to respond and comply by a date certain or, alternatively, to unconditionally dismiss the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The decedent Ismael Yangas worked as a security officer at a building located in Manhattan. On October 18, 2006 Yangas fell down an open elevator shaft after apparently unsuccessfully attempting to climb into an elevator cab that had become stuck between the 11th and 12th floors of the building. Yangas ultimately died of his injuries. The defendant Otis Elevator Company (hereinafter Otis) manufactured the subject elevator. During discovery, Otis and the plaintiff engaged in motion practice which resulted, inter alia, in the entry of an order on July 30, 2008 directing the plaintiff to fully respond to Otis’s discovery demands and comply with a preliminary conference order dated March 18, 2008, within a specified period of time, to the extent she had not already done so.
Subsequently, Otis moved to compel the plaintiff to respond to the outstanding discovery demands and to comply with the preliminary conference order, to dismiss the complaint insofar as asserted against it if the plaintiff did not respond and comply by a date certain or, alternatively to unconditionally dismiss the complaint insofar as asserted against it. The plaintiff opposed the motion, and presented evidence of their efforts to fully respond to Otis’s discovery demands and to fully comply with the preliminary conference order. The court, inter alia, denied Otis’s motion, finding that the plaintiff had, “in fact, complied with defendant Otis Elevator Company’s demands.” Under these circumstances, “[t]o second guess what the court believed to be its original intent and the manner in which it wanted discovery to proceed would elevate form over substance and would not further the interests of justice” (Adzer v Rudin Mgt. Co., Inc., 50 AD3d 1070, 1072 [2008]).
Otis’s remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.