■ FREMONT INVESTMENT & LOAN, Respondent, v COURTNEY BERTRAM, Appellant. [934 NYS2d 822]—

The Supreme Court properly denied the defendant's motion, inter alia, to vacate a judgment of foreclosure and sale entered against him upon his default in appearing or answering. A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Citimortgage, Inc. v Brown*, 83 AD3d 644, 645 [2011]; *Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628 [2010]). Here, the defendant failed to set forth a reasonable excuse for his default in appearing or answering the complaint. We therefore need not reach the issue of whether the defendant proffered a potentially meritorious defense to the action.

The defendant's remaining contentions either are without merit or need not be reached in light of the foregoing determination. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.

■ STEPHAN GILLIAM, Respondent, v ONE BRYANT PARK, LLC, et al., Appellants. [936 NYS2d 550]—

The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to depose the plaintiff's treating physician (*see* CPLR 3101 [a] [4]; *Kooper v Kooper*, 74 AD3d 6 [2010]; *Abbadessa v Sprint*, 291 AD2d 363 [2002]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.