The Supreme Court properly denied that branch of the defendants’ motion which was to vacate the judgment of foreclosure and sale dated September 7, 2007, entered upon their default in appearing or answering the complaint. A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 701 [2012]; Fremont Inv. & Loan v Bertram, 90 AD3d 988 [2011]; Citimortgage, Inc. v Brown, 83 AD3d 644, 645 [2011]). Here, while the defendants initially alleged that copies of the summons and complaint were improperly served upon them, pursuant to a stipulation resolving that issue made in open court on December 4, 2008, they subsequently acknowledged proper service. Since the defendants failed to demonstrate a reasonable excuse for their default, it was unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see Tribeca Lending Corp. v Correa, 92 AD3d 770, 771 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]).
Contrary to the defendants’ contention, the Supreme Court also properly denied that branch of their motion which sought to vacate the stipulation of settlement (see Reid v C & S Realty Mgt., LLC, 94 AD3d 732 [2012]; see generally Hallock v State of New York, 64 NY2d 224, 230 [1984]).
*741 The defendants’ remaining contentions are without merit. Rivera, J.E, Eng, Lott and Cohen, JJ., concur.