■ JAMES A. BRANNIGAN, Respondent, v CHRISTIE OVERHEAD DOOR et al., Defendants, and JELD-WEN, INC., Appellant. (And a Third-Party Action.) [43 NYS3d 365]—

In an action to recover damages for personal injuries, the defendant Jeld-Wen, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated August 6, 2014, as denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3126 for the plaintiff's willful failure to comply with, among other things, a discovery order dated March 30, 2014.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion of the defendant Jeld-Wen, Inc., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3126 for the plaintiff's willful failure to comply with, among other things, a discovery order dated March 30, 2014, is granted to the extent of directing that the complaint be dismissed insofar as asserted against the defendant Jeld-Wen, Inc., unless, within 45 days after service of a copy of this decision and order by the defendant Jeld-Wen, Inc., upon the plaintiff, the plaintiff provides compliant responses to the interrogatories served by the defendant Jeld-Wen, Inc., in accordance with the discovery order dated March 30, 2014, and the motion is otherwise denied.

The plaintiff commenced this action against, among others, the defendant Jeld-Wen, Inc. (hereinafter the defendant), to

recover damages for personal injuries that he allegedly sustained when he was struck by a garage door. The defendant served interrogatories in March 2012. The plaintiff submitted responses to these interrogatories in December 2012. The defendant objected to some of the plaintiff's responses and the plaintiff was directed to serve compliant responses to certain interrogatories in a series of four successive discovery orders issued by the Supreme Court over the next 1½ years. After the plaintiff failed to comply with the last of these discovery orders, which was dated March 30, 2014, the defendant moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3126. The Supreme Court denied the defendant's motion. We reverse.

A court is authorized to impose disclosure sanctions, including the striking of all or a portion of a pleading, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; see *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]). "The Supreme Court has broad discretion in making determinations concerning matters of disclosure" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]; see *Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]). "However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d at 845; see *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 209).

Here, although we agree with the Supreme Court that the ultimate penalty of dismissing the complaint insofar as asserted against the defendant was unwarranted, the court improvidently exercised its discretion in denying the motion rather than granting the motion to the extent of directing that the complaint be dismissed insofar as asserted against Jeld-Wen unless the plaintiff provided, within a specified period of time, compliant responses to the interrogatories served by Jeld-Wen in accordance with the discovery order dated March 30, 2014 (see *Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 744, 745 [2009]; *Smith v New York Tel. Co.*, 235 AD2d 529, 530 [1997]; see also *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d at 728; *Garan v Don & Walt Sutton Bldrs., Inc.*, 27 AD3d 521, 523-524 [2006]; *Betty v City of New York*, 12 AD3d 472, 473-474 [2004]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.