SECOND DEPARTMENT, FEBRUARY, 2017

(February 1, 2017)

■ 40 BP, LLC, Respondent, v SUCHADA KATATIKARN, Appellant, et al., Defendants. [46 NYS3d 217]—

In an action to foreclose a mortgage, the defendant Suchada Katatikarn appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated September 19, 2014, which denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court dated March 20, 2014.

Ordered that the order is affirmed, with costs.

The defendant Suchada Katatikarn (hereinafter the defendant) moved pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale on the ground that the plaintiff's predecessor-in-interest allegedly failed to comply with RPAPL 1304. The Supreme Court denied the motion, and the defendant appeals.

Compliance with RPAPL 1304 is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of demonstrating such compliance (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]). However, the failure to comply with RPAPL 1304 is not jurisdictional (*see Flagstar Bank, FSB v Jambelli*, 140 AD3d 829, 830 [2016]; *U.S. Bank N.A. v Carey*, 137 AD3d 894, 896 [2016]; *Pritchard v Curtis*, 101 AD3d 1502, 1504 [2012]).

"Under CPLR 5015 (a), a court is empowered to vacate a

default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see* CPLR 5015 [a]). However, CPLR 5015 (a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 68).

Here, contrary to the defendant's contention, the plaintiff established that its predecessor-in-interest complied with RPAPL 1304. Therefore, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale, as she failed to establish, inter alia, an excusable default (*see* CPLR 5015 [a] [1]), a lack of jurisdiction (*see* CPLR 5015 [a] [4]), or that the judgment should be vacated in the interests of substantial justice (*see HSBC Mtge. Servs. v Talip*, 111 AD3d 889 [2013]).

The defendant's contention that the plaintiff's predecessor-in-interest failed to comply with the condition precedent set forth in RPAPL 1306 was not raised before the Supreme Court and, thus, is not properly before this Court on appeal (*see U.S. Bank N.A. v Alba*, 130 AD3d 715 [2015]; *PHH Mtge. Corp. v Celestin*, 130 AD3d 703 [2015]; *Mortgage Elec. Registration Sys., Inc. v Korolizky*, 100 AD3d 605 [2012]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.