McGraw v Capuano (2019 NY Slip Op 05122)





McGraw v Capuano


2019 NY Slip Op 05122


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-02028
 (Index No. 21904/12)

[*1]Alyssa McGraw, respondent,
v
Mario J. Capuano, etc., et al., appellants.


Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellants.
The Latronica Law Firm, P.C., Levittown, NY (Christian Siragusa and Patricia A. Hatcliffe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated December 11, 2017. The order granted the plaintiff's motion for leave to renew her opposition to the defendants' prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated April 3, 2017, and, upon renewal, in effect, vacated the order dated April 3, 2017, and denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated December 11, 2017, is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for dental malpractice and lack of informed consent. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, finding that the affidavit of the plaintiff's expert submitted in opposition to the motion was conclusory and lacked a foundation because the expert did not set forth the documents he reviewed in forming his opinion. Thereafter, the plaintiff moved for leave to renew her opposition to the defendants' motion and submitted an amended expert affidavit which set forth the documents the expert reviewed to form the opinions contained in his affidavit. The court granted the plaintiff's motion for leave to renew, and upon renewal, in effect, vacated its original determination and denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
CPLR 2221(e) authorizes a motion for leave to renew "based upon new facts not offered on the prior motion that would change the prior determination," provided there is "reasonable justification for the failure to present such facts on the prior motion." "[T]he Supreme Court is possessed of broad discretion in granting renewal, and the application of that discretion and the governing principles are to be flexibly applied to advance the interests of justice" (Adzer v Rudin Mgt. Co., Inc., 50 AD3d 1070, 1072; see Coccia v Liotti, 70 AD3d 747; Arkin v Resnick, 68 AD3d 692; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389). Under the circumstances presented, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave [*2]to renew (see CPLR 2221[e]).
The defendants' remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court