JPMorgan Chase Bank, Natl. Assn. v Dev (2019 NY Slip Op 07059)





JPMorgan Chase Bank, Natl. Assn. v Dev


2019 NY Slip Op 07059


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-00749 
2017-00954
 (Index No. 3575/13)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Usha Dev, etc., et al., defendants, Mohammed B. Quaizar, appellant.


Harvey Sorid, Uniondale, NY, for appellant.
Leopold & Associates, PLLC, Armonk, NY (Fernando C. Rivera-Maissonet of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammed B. Quaizar appeals from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 3, 2016, and (2) a judgment of foreclosure and sale of the same court entered November 22, 2016. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied those branches of the cross motion of the defendant Mohammed B. Quaizar which were to vacate an order of the same court dated June 5, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference, and for summary judgment dismissing the amended complaint insofar as asserted against him. The judgment of foreclosure and sale, upon the ordered entered June 3, 2016, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order entered June 3, 2016, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered June 3, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In February 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Mohammed B. Quaizar (hereinafter the defendant). The plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant did not [*2]oppose that motion. In an order dated June 5, 2015, the Supreme Court granted the plaintiff's motion. Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, to vacate the order dated June 5, 2015, and for summary judgment dismissing the amended complaint insofar as asserted against him. In an order entered June 3, 2016, the court granted the plaintiff's motion and denied the defendant's cross motion. On November 22, 2016, the court entered a judgment of foreclosure and sale confirming the referee's report and directing the sale of the subject property. The defendant appeals.
We agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was to vacate the order dated June 5, 2015, which granted the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against him, to strike his answer, and for an order of reference. "Under CPLR 5015(a), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based" (Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788; see CPLR 5015[a]; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 914). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d 710, 711). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Ladd v Stevenson, 112 NY 325, 332; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007; Aurora Loan Servs., LLC v Dorfman, 170 AD3d at 788).
Here, on his cross motion, the defendant explicitly sought vacatur "in the interests of justice." However, he failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007; Nationstar Mtge., LLC v Russo, 167 AD3d at 915; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 939). Additionally, having properly denied vacatur, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against him (see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007; Citimortgage, Inc. v Baser, 137 AD3d 735, 736).
The defendant's remaining contention is without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court