■ Betsy Ross Rehabilitation Center, Inc., Respondent, v Michael J. Birnbaum et al., Appellants and Third-Party Plaintiffs-Appellants. Irene Kay et al., Third-Party Defendants-Respondents. [827 NYS2d 392]—

Appeal from a judgment of the Supreme Court, Oneida County (Robert F. Julian, J.), entered March 24, 2006 in a breach of contract action. The judgment, after a nonjury trial, awarded damages, interest and attorney's fees in favor of plaintiff and against defendants.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the amount of the award by the amount owed by plaintiff under the promissory note from February 2001 to the date of entry of the judgment and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action alleging that, after it purchased a health care facility from defendants, plaintiff was notified that retroactive Medicare and Medicaid assessments were owed for a period in which plaintiff did not own the facility. Defendants refused to reimburse plaintiff for those assessments as required by their purchase agreement and, according to plaintiff, it exercised its right of setoff against the note payments owed to defendants for the purchase of the facility and sought additional damages as well. Plaintiff further alleged that defendants improperly withdrew approximately $60,000 from the assets of the facility prior to

the closing, and plaintiff sought damages in that amount as well. We conclude that Supreme Court properly determined following a bench trial that defendants are indebted to plaintiff with respect to the Medicare and Medicaid assessments as well as the amount that defendants improperly withdrew from the assets of the facility prior to the closing. Contrary to defendants' contention, plaintiff was entitled to exercise its right of setoff against the promissory note payments (*see Cohen v Elephant Wireless, Inc.*, 2004 WL 1872421, *3, 2004 US Dist LEXIS 16583, *10-11 [SD NY, Aug. 19, 2004]). We agree with defendants, however, that the court erred in failing to reduce the amount of the award by the amount owed by plaintiff under the promissory note from February 2001 to the date of entry of the judgment. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for further proceedings consistent with our decision. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.