BETSY ROSS REHABILITATION CENTER, INC., Respondent, v MICHAEL J. BIRNBAUM et al., Appellants and Third-Party Plaintiffs-Appellants. IRENE KAY et al., Third-Party Defendants-Respondents. [872 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Oneida County (Robert F. Julian, J.), entered January 29, 2008 in a breach of contract action. The judgment, among other things, granted plaintiff's motion to vacate a supplemental judgment entered March 28, 2007.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the third, fourth and fifth decretal paragraphs and by awarding defendants damages in the amount of $159,485.49 and as modified the judgment is affirmed without costs, and

It is further ordered that judgment be entered in favor of defendants and against plaintiff in the amount of $159,485.49.

Memorandum: Plaintiff purchased a health care facility from defendants and, pursuant to the purchase agreement, plaintiff agreed to make a specified number of fixed monthly payments to defendants. Plaintiff thereafter commenced this action seeking, inter alia, reimbursement for retroactive Medicare and Medicaid assessments owed for a period of time in which plaintiff did not own the facility. Defendants were required to reimburse plaintiff for those assessments in accordance with the parties' purchase agreement, and when they refused to do so, plaintiff exercised its right of setoff in February 2001 by discontinuing all monthly payments to defendants. Following a nonjury trial, Supreme Court determined, inter alia, that plaintiff was entitled to exercise its right of setoff and issued a judgment in favor of plaintiff. Upon defendants' appeal from that March 2006 judgment, this Court concluded that, although

plaintiff was entitled to exercise its right of setoff, "the court erred in failing to reduce the amount of the award by the amount owed by plaintiff under the [purchase agreement] from February 2001 to the date of entry of the judgment" (*Betsy Ross Rehabilitation Ctr., Inc. v Birnbaum*, 35 AD3d 1234, 1235 [2006]). We remitted the matter to Supreme Court for further proceedings consistent with our decision. Upon remittal, the court initially executed defendants' proposed supplemental judgment after plaintiff failed to appear, but the court subsequently vacated that supplemental judgment and awarded plaintiff the sum of $55,110.44.

Contrary to defendants' contention, the court providently exercised its inherent authority to vacate its own judgment "for sufficient reason, in the furtherance of justice" (*Quinn v Guerra*, 26 AD3d 872, 873 [2006], *appeal dismissed* 7 NY3d 741 [2006] [internal quotation marks omitted]). We agree with defendants, however, that the court erred in calculating the amount of damages by awarding plaintiff a credit for the full amount of the March 2006 judgment, which in our prior decision we determined to be erroneous, against the amount owed by plaintiff to defendants under the purchase agreement as specified in our decision. In addition, the court erred by awarding plaintiff statutory interest on that amount from March 2006 to January 2008 despite the court's acknowledgment that plaintiff's right of setoff ended in September 2004. In the interest of judicial economy, we recalculate the amount of damages rather than remit the matter to Supreme Court for another recalculation, and we award defendants damages in the amount of $159,485.49. We therefore modify the judgment accordingly. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.