■ ANNA MACIAS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [658 NYS2d 276] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered April 9, 1996, which, upon plaintiff's motion to vacate a prior order relieving her attorney, to compel disclosure and to extend her time to file a note of issue, sua sponte dismissed the action, and order, same court and Justice, entered on or about September 24, 1996, which, insofar as appealable, denied plaintiff's motion to renew the prior order, unanimously affirmed, without costs.

The IAS Court did not improvidently exercise its discretion in sua sponte dismissing this ten-year-old personal injury action where plaintiff willfully failed to comply with the preliminary conference order requiring her appearance for deposition (see, CPLR 3126 [3]), and plaintiff's attorney did not move to vacate the order relieving him, which he had sought on grounds of plaintiff's lack of cooperation, for eight months after entry thereof, at which time he was allegedly again retained by plaintiff. Denial of a motion for reargument is not appealable (see, Amankwa v New York City Hous. Auth., 224 AD2d 262). Renewal was also properly denied since no previously unavailable or unknown evidence was submitted (see, Lee v Ogden Allied Maintenance Corp., 226 AD2d 226, lv dismissed

89 NY2d 916). Concur—Wallach, J. P., Rubin, Williams and Andrais, JJ.