THOMAS M. QUINN, Respondent, v EUSEBIO L. GUERRA et al., Appellants. (Appeal No. 1.) [811 NYS2d 238]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered May 17, 2004. The order, among other things, granted plaintiff's motion to vacate the stipulated order entered August 23, 2001.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and plaintiff's motion is denied.

Memorandum: Plaintiff commenced this action in 1996 seeking to recover damages for injuries he allegedly sustained in a motor vehicle accident in 1994. During the pendency of the personal injury action, plaintiff filed a pro se petition for bankruptcy, and plaintiff was thereafter granted a discharge in bankruptcy. Defendants' attorney learned of the bankruptcy proceeding in June 2001 and thereafter moved for, inter alia, dismissal of the complaint on the ground that plaintiff lacked legal capacity to sue. After "the parties consented to the entry of a Stipulated Order" (2001 order), Supreme Court granted defendants' motion "without prejudice" and permitted plaintiff's claims to "be reasserted or recommenced in a new action by the plaintiff or the Bankruptcy Trustee [Trustee] in his representative capacity for the plaintiff."

Plaintiff's attorney, as special counsel to the trustee, filed a second complaint using the index number of the action that had been dismissed (*Chiacchia & Fleming v Guerra*, 309 AD2d 1213 [2003], *lv denied* 2 NY3d 704 [2004]). Defendants moved to dismiss the second complaint based on the failure of plaintiff's attorney to purchase a new index number. Although the court

denied that motion, we reversed the order and, inter alia, granted the motion and dismissed the second complaint (*id.*).

Plaintiff subsequently moved to vacate the 2001 order pursuant to CPLR 5015 (a) (4). By the order in appeal No. 1, the court granted plaintiff's motion on the ground that "counsel lacked authority to enter into the stipulation" and directed defendants to serve plaintiff's attorney and the trustee with the notice of motion to dismiss dated July 2, 2001. By the order in appeal No. 2, the court granted that motion and ordered that plaintiff's claims "may be reasserted or recommenced in a new action by the plaintiff or the . . . Trustee in his representative capacity for the plaintiff within six (6) months from the date of entry of this Order." We agree with defendants that the court erred in granting the motion in appeal No. 1, requiring reversal of the order therein as well as reversal of the order in appeal No. 2.

CPLR 5015 (a) (4) permits a court to vacate a prior order on the ground that the court lacked jurisdiction to issue the order. Although it is well established that "[t]he grounds for vacatur delineated in CPLR 5015 (a) are not exclusive, and the [court] has the inherent authority to vacate its own order 'for sufficient reason, in the furtherance of justice' " (*Bellevue-Santiago v City Ready Mix*, 270 AD2d 441, 441 [2000]; *see Dyno v Lewis*, 300 AD2d 784, 785 [2002], *lv dismissed* 99 NY2d 651 [2003]; *Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67 [1992]; *Pjetri v New York City Health & Hosps. Corp.*, 169 AD2d 100, 103 [1991], *lv dismissed* 79 NY2d 915 [1992]), that inherent authority is not unlimited. "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (*Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984] [internal quotation marks omitted]; *see Dyno*, 300 AD2d at 785; *Gasteiger v Gasteiger*, 288 AD2d 881 [2001]).

We agree with defendants that the court had jurisdiction to issue the 2001 order and thus that there was no basis under CPLR 5015 (a) (4) to vacate that order. Although plaintiff's attorney lacked the capacity to enter into the stipulation resulting in the order, that lack of capacity did not affect the court's jurisdiction to issue the order. Regardless of the stipulation, the court was required to dismiss the complaint. Plaintiff lacked the capacity to prosecute the personal injury action because the action was an asset of the bankruptcy estate (*see e.g. Pinto v Ancona*, 262 AD2d 472, 473 [1999]; *Reynolds v Blue Cross of Northeastern N.Y.*, 210 AD2d 619 [1994]).

In replying to defendants' opposition to the motion to vacate the 2001 order, plaintiff contended that the court had the inherent authority to vacate that order. We disagree. Plaintiff failed to establish that the 2001 order was "taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (*McKenna*, 61 NY2d at 742 [internal quotation marks omitted]). Plaintiff sought to vacate the 2001 order because of a fatal error by his attorney in filing the second complaint permitted by that order. Although it is undesirable to punish a plaintiff for an error of his attorney, "what is undesirable is sometimes also necessary, and it is often necessary, as it is here, to hold parties responsible for their lawyer['s] failure[s]" (*Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C.*, 5 NY3d 514, 521 [2005]). We therefore conclude that the court abused its discretion in granting plaintiff's motion and vacating the 2001 order and in subsequently issuing an order having the same effect for the purpose of relieving plaintiff from his attorney's error in attempting to commence the second action. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.