■ GALASSO, LANGIONE & BOTTER, LLP, et al., Respondents, v THOMAS F. LIOTTI, Defendant/Third-Party Plaintiff-Appellant. FREDERICK K. BREWINGTON, Third-Party Defendant-Respondent. [917 NYS2d 667]—

In an action, inter alia, to recover damages for defamation, the defendant/third-party plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 24, 2009, which denied his motion to vacate a judgment of the same court dated January 26, 2009, which was in favor of the third-party defendant and against him in the principal sum of $14,098.69, and (2), as limited by his brief, from so much of an order of the same court entered August 14, 2009, as denied his motion to renew his motion for leave to vacate the judgment and, upon granting the third-party defendant's motion for sanctions, imposed a sanction against him in the sum of $1,000.

Ordered that the order entered June 24, 2009, is affirmed; and it is further,

Ordered that the order entered August 14, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs-respondents and the third-party defendant-respondent; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the defendant/third-party plaintiff pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before March 24, 2011; and it is further,

Ordered that the Clerk of the Court, or his designee, is

directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

Although the court has an inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Katz v Marra*, 74 AD3d 888 [2010]; *see generally Selinger v Selinger*, 250 AD2d 752, 753 [1998]), the invocation of the court's inherent power to vacate its judgment or order was not warranted herein. Thus, the Supreme Court properly denied the appellant's motion to vacate the judgment, and properly denied his motion for leave to renew his motion to vacate the judgment. Moreover, the Supreme Court also providently exercised its discretion, upon granting the third-party defendant's motion for sanctions, in imposing a sanction in the sum of $1,000 on the appellant (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]).

Indeed, the conduct of the pro se appellant attorney in pursuing the instant appeal appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]; *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998], *cert denied* 526 US 1088 [1999]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the appellant pursuant to 22 NYCRR 130-1.1 (c). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.