■ HSBC Bank USA, as Trustee for SG Mortgage Securities Trust 2006-FRE1, Appellant, v Valene Josephs-Byrd, Respondent, et al., Defendants. [49 NYS3d 477]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated March 16, 2015, which denied its motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated April 29, 2013, dismissing the complaint or, in the alternative, in the interest of substantial justice, for leave to renew its motion for an order of reference.

Ordered that the order dated March 16, 2015, is affirmed, with costs.

In November 2005, the defendant Valene Josephs-Byrd (hereinafter the defendant) executed an adjustable rate note, pursuant to which she promised to repay the sum of $292,000 that she borrowed from Fremont Investment and Loan (hereinafter Fremont). The note was secured by a mortgage on property owned by the defendant's grandmother in Queens Village, dated November 16, 2005, and was given to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fremont. In October 2006, HSBC Bank USA (hereinafter HSBC) commenced this foreclosure action alleging that the defendant defaulted on her loan repayment obligations. According to HSBC, in April 2008, the subject mortgage was assigned to it by MERS.

The defendant did not appear in the action, interpose an answer, or otherwise move with respect to the complaint. In 2007, HSBC moved for an order of reference pursuant to RPAPL 1321. In an order entered May 15, 2007, the Supreme Court denied HSBC's motion without prejudice to renew upon submission of proper papers, including the demand letter forwarded to the defendant. Thereafter, HSBC filed a new motion for an order of reference and included, in support, the affidavit of the supervisor of Fidelity National Foreclosure, which referenced an entirely different matter and a different party than the defendant. In October 2007, the Supreme Court denied that second motion without prejudice, stating that proper documentation or an explanation of the various exhibits submitted in support of the motion must be provided.

In December 2008 the defendant moved to vacate her default. The Supreme Court subsequently marked the motion off the calendar. Thereafter, pursuant to CPLR 3408, several settlement conferences were held in connection with the action. In an order dated January 10, 2013 (hereinafter the January 2013 order), the Supreme Court determined that HSBC had not complied with an earlier order issued in September 2012 and directed HSBC to appear at a status conference on April 25, 2013, file a foreclosure affirmation pursuant to Administrative Order of Chief Admin Judge of Cts AO/431/11, and move for an order of reference by April 25, 2013. The January 2013 order also warned HSBC that the failure to comply may be grounds for dismissal without prejudice.

Thereafter, although HSBC Bank appeared at the April 25, 2013, status conference, it had not fully complied with the January 2013 order. In an order dated April 29, 2013 (hereinafter the 2013 order of dismissal), the Supreme Court dismissed the action without prejudice, and cancelled and discharged all notices of pendency filed in the matter.

Approximately fifteen months later, in July 2014, HSBC moved to vacate the 2013 order of dismissal pursuant to CPLR 5015 (a), or, in the alternative, in the interest of substantial justice, for leave to renew its motion for an order of reference. In the order appealed from, dated March 16, 2015, the Supreme Court denied the motion on the ground, inter alia, that HSBC failed to provide a reasonable excuse for its failure to comply with the January 2013 order. HSBC appeals. We affirm.

CPLR 5015 (a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds. These grounds include excusable default (*see* CPLR 5015 [a] [1]); newly discovered evidence (*see* CPLR 5015

[a] [2]); fraud, misrepresentation, or other misconduct of an adverse party (*see* CPLR 5015 [a] [3]); lack of jurisdiction (*see* CPLR 5015 [a] [4]); or upon the reversal, modification or vacatur of a prior judgment or order upon which it is based (*see* CPLR 5015 [a] [5]). Here, HSBC did not provide a reasonable excuse for its failure to comply with the January 2013 order or any other basis pursuant to CPLR 5015 (a) for vacatur of the 2013 order of dismissal (*see, Monroe v Monroe*, 131 AD3d 1212, 1213 [2015]; *Katz v Marra*, 74 AD3d 888, 890 [2010]). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015 (a) to vacate the 2013 order of dismissal.

HSBC also failed to establish any basis upon which to vacate the 2013 order of dismissal in the interest of substantial justice (*see Macias v New York City Tr. Auth.*, 240 AD2d 196 [1997]; *see e.g. Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 884, 885 [2011]; *Katz v Marra*, 74 AD3d at 891). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (*Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d at 885; *see Katz v Marra*, 74 AD3d at 890; *see also Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Ladd v Stevenson*, 112 NY 325, 332 [1889]), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (*Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984] [internal quotation marks omitted]; *see Long Is. Light. Co. v Century Indem. Co.*, 52 AD3d 383, 384 [2008]; *Quinn v Guerra*, 26 AD3d 872, 873 [2006]).

Here, HSBC failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d at 742; *Long Is. Light. Co. v Century Indem. Co.*, 52 AD3d at 384; *Quinn v Guerra*, 26 AD3d at 873) that would constitute a basis for vacatur of the 2013 order of dismissal in the interest of substantial justice. Indeed, the facts of the action militate against vacatur of the 2013 order of dismissal. HSBC did not appeal the 2013 order of dismissal, and it did not seek to reargue the order so as to address any perceived error of law. HSBC also never provided any explanation as to why it failed to comply with the Supreme Court's earlier orders, or why it delayed for more than a year before filing its motion to vacate. In addition, HSBC made its two successive motions for an order

of reference in 2007, prior to the date it contends the mortgage was assigned to it. Notably, denial of each of those motions by the court was based on HSBC's failure to provide proper documents in support of each motion (*see e.g. HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1029 [2010]; *HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2009]). Thus, the interest of substantial justice would not be served by vacatur of the 2013 order of dismissal.

HSBC's remaining contentions either need not be considered in light of our determination or are without merit.

Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying HSBC's motion, inter alia, pursuant to CPLR 5015 (a) to vacate the 2013 order of dismissal. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.