■ Wells Fargo Bank Minnesota, N.A., as Trustee for Certificate Holder of Kidder Peabody Series 1993-MM5, Plaintiff, v Michael Coletta et al., Appellants, et al., Defendants. PE-NC, LLC, Nonparty Respondent. [60 NYS3d 320]—

In an action to foreclose a mortgage, the defendants Michael Coletta and Susan A. Coletta, also known as Susan Coletta, appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered October 21, 2015, which denied their motion, inter alia, in effect, pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale entered August 23, 2004, upon their failure to appear or answer the complaint and, upon vacatur, to dismiss the complaint pursuant to General Obligations Law § 5-501.

Ordered that the order is affirmed, with costs.

CPLR 5015 (a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds. These grounds include excusable default (*see* CPLR 5015 [a] [1]); newly discovered evidence (*see* CPLR 5015 [a] [2]); fraud, misrepresentation, or other misconduct of an

adverse party (*see* CPLR 5015 [a] [3]); lack of jurisdiction (*see* CPLR 5015 [a] [4]); or upon the reversal, modification, or vacatur of a prior judgment or order upon which it is based (*see* CPLR 5015 [a] [5]).

Here, the appellants did not provide a reasonable excuse for their failure to answer the complaint (*see* CPLR 5015 [a] [1]) or any other basis pursuant to CPLR 5015 (a) for vacatur of the judgment of foreclosure and sale (*see HSBC Bank USA v Josephs-Byrd*, 148 AD3d 788 [2017]; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989 [2010]). To the extent the appellants allege that the representations in the affirmation submitted by counsel for PE-NC, LLC, pursuant to Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts amounted to fraud, the appellants were precluded from making a second motion to vacate their default based on the same grounds raised in a prior motion (*see* CPLR 5015 [a] [3]; *EMC Mtge. Corp. v Asturizaga*, 150 AD3d 824 [2017]). Accordingly, the Supreme Court properly denied the appellants' motion, in effect, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale (*see HSBC Bank USA v Josephs-Byrd*, 148 AD3d at 788; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d at 989).

The appellants also failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739 [1984]) that would constitute a basis for vacatur of the judgment of foreclosure in the interests of substantial justice (*see HSBC Bank USA v Josephs-Byrd*, 148 AD3d at 788; *40 BP, LLC v Katatikarn*, 147 AD3d 710, 711 [2017]; *cf. U.S. Bank N.A. v Losner*, 145 AD3d 935 [2016]; *Hudson City Sav. Bank v Cohen*, 120 AD3d 1304 [2014]; *Wells Fargo Bank v Hodge*, 92 AD3d 775 [2012]).

The appellants' contention that certain forbearance agreements into which they entered (*see Eikenberry v Adirondack Spring Water Co.*, 65 NY2d 125, 127-128 [1985]) are usurious is without merit (*see Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254 [1984]; *Giventer v Arnow*, 37 NY2d 305 [1975]; *Min Capital Corp. Retirement Trust v Pavlin*, 88 AD3d 666 [2011]; *Steinberg v Williams*, 163 AD2d 516 [1990]; *see also Abir v Malky, Inc.*, 59 AD3d 646 [2009]; *Dichter v Viking Off. Prods.*, 119 AD2d 794, 795 [1986]; *Stitz v Stevens*, 70 AD2d 588, 589 [1979], *affd* 48 NY2d 957 [1979]).

The appellants' contention that alleged deficiencies in a certain Notice of Sale (*see* RPAPL 231) prejudiced their right of redemption (*see* RPAPL 1352) is academic, since the Supreme

Court stayed the foreclosure sale noticed therein (*see Matter of Chase v Wells Fargo Bank, N.A.*, 135 AD3d 751 [2016]).

Contrary to the appellants' contention, the payoff letter submitted by PE-NC, LLC, was not inadequate (*see* Real Property Law § 274-a [1]).

The appellants' remaining contentions are without merit. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.