Wells Fargo Bank, N.A. v Choo (2018 NY Slip Op 01952)





Wells Fargo Bank, N.A. v Choo


2018 NY Slip Op 01952


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-10762
 (Index No. 17073/09)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Hyun J. Choo, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Shapiro, DiCaro & Barak, LLC (McGlinchey Stafford, New York, NY [Brian S. McGrath and Fincey John], of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 10, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Hyun J. Choo which was to vacate an order of reference and a judgment of foreclosure and sale, entered upon his default in appearing or answering the complaint.
ORDERED that the order dated June 10, 2016, is affirmed insofar as appealed from, with costs.
In June 2009, the plaintiff commenced this action against the defendant Hyun J. Choo, among others, to foreclose a mortgage. Choo failed to appear or answer the complaint, and the Supreme Court granted the plaintiff's motions for an order of reference and for a judgment of foreclosure and sale. Subsequently, Choo moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale. The Supreme Court denied the motion, and Choo appeals.
"Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788; 40 BP, LLC v Katatikarn, 147 AD3d 710). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d at 711, citing Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305). Here, Choo did not move pursuant to CPLR 5015(a); rather, he expressly moved to vacate the order of foreclosure and judgment of foreclosure and sale "in the interests of justice."
Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Ladd v Stevenson, 112 NY 325, 332; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] [*2]mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384; Quinn v Guerra, 26 AD3d 872, 873). Here, Choo failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacating the order of reference or the judgment of foreclosure and sale in the interests of substantial justice (see Wells Fargo Bank Minn., N.A. v Coletta, 150 AD3d at 758; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; HSBC Mtge. Servs. v Talip, 111 AD3d 889, 890; cf. Nationscredit Fin. Servs. Corp. v Atherley, 91 AD3d 922, 922).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly denied that branch of Choo's motion which was to vacate the order of reference and the judgment of foreclosure and sale.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court