Nationstar Mtge., LLC v Russo (2018 NY Slip Op 08668)





Nationstar Mtge., LLC v Russo


2018 NY Slip Op 08668


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-07126
2017-00974
 (Index No. 14983/13)

[*1]Nationstar Mortgage, LLC, etc., respondent, 
v
Naniell Russo, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Naniell Russo appeals from (1) an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 26, 2016, and (2) a judgment of foreclosure and sale of the same court entered March 9, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied the cross motion of the defendant Naniell Russo to vacate so much of an order of the same court dated August 14, 2014, as granted those branches of the plaintiff's motion which were for an order of reference and for leave to enter a default judgment against her. The judgment of foreclosure and sale, upon the order entered February 26, 2016, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order entered February 26, 2016, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered February 26, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2013, the plaintiff commenced this action against, among others, Naniell Russo (hereinafter the defendant), to foreclose a reverse mortgage. The defendant failed to appear or answer the complaint. By order dated August 14, 2014, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and for leave to enter a default judgment. Thereafter, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant cross-moved to vacate so much of the order dated August 14, 2014, as granted those branches of the plaintiff's [*2]motion which were for an order of reference and for leave to enter a default judgment against her. By order entered February 26, 2016, the court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and denied the defendant's cross motion. On March 9, 2016, the court entered a judgment of foreclosure and sale, among other things, directing the sale of the subject property.
We agree with the Supreme Court's denial of the defendant's cross motion to vacate so much of the order dated August 14, 2014, as granted those branches of the plaintiff's motion which were for an order of reference and for leave to enter a default judgment against her. "Under CPLR 5015(a), a court is empowered to vacate a default judgment [or order] for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 938; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788; 40 BP, LLC v Katatikarn, 147 AD3d 710). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d at 711, citing Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Wells Fargo Bank, N.A. v Choo, 159 AD3d at 938; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305).
Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Ladd v Stevenson, 112 NY 325, 332; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757, 758; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790). Here, the defendant's notice of motion provided that the defendant was moving "in the interests of justice" to vacate the order which granted an order of reference and leave to enter a default judgment against her, but failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see Wells Fargo Bank, N.A. v Choo, 159 AD3d at 938; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790).
We also agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for a default judgment of foreclosure and sale, since the plaintiff submitted evidence of service of the summons and complaint, evidence of the facts constituting the claim, and evidence of the defendant's failure to answer or appear (see US Bank N.A. v Dedomenico, 162 AD3d 962).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court