Deutsche Bank Natl. Trust Co. v Morales (2019 NY Slip Op 01741)





Deutsche Bank Natl. Trust Co. v Morales


2019 NY Slip Op 01741


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-11758
 (Index No. 705221/13)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Juventino Morales, etc., et al., respondents.


Hinshaw & Culbertson, LLP, New York, NY (Brent M. Reitter of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated July 19, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Marguerite A. Grays, J.) dated October 14, 2016, among other things, directing dismissal of the action.
ORDERED that the order dated July 19, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action in 2013 to foreclose a mortgage on certain real property owned by the defendant Juventino Morales. Following a number of settlement conferences pursuant to CPLR 3408 between the plaintiff and Morales, the Court Attorney Referee (hereinafter the Referee) issued a report which found that the plaintiff had failed to comply with two prior court orders by failing to file an order of reference, as directed, without good cause shown, and, therefore, recommended that the action be dismissed. In an order dated October 14, 2016, the Supreme Court, inter alia, confirmed the Referee's report and directed dismissal of the action without prejudice. Six months later, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated October 14, 2016. In the order appealed from, the court denied the motion, finding, among other things, that the plaintiff failed to set forth a reasonable excuse for the default. The plaintiff appeals from so much of the order as denied that branch of its motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated October 14, 2016.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, based on excusable default (see CPLR 5015 [a][1]; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 789). The plaintiff argues that the Supreme Court erred in declining to vacate the order dated October 14, 2016, because it offered a reasonable excuse for failing to appear at a September 13, 2016, scheduled conference. The dismissal of the action, however, was predicated on the plaintiff's failure to file an order of reference, as directed by the court in two prior orders. The plaintiff has made no arguments or offered any excuse directed at the ground relied upon by the court in directing dismissal of the action. Accordingly, we agree with the court's denial of that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated October 14, 2016.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court