Aurora Loan Servs., LLC v Dorfman (2019 NY Slip Op 01730)





Aurora Loan Servs., LLC v Dorfman


2019 NY Slip Op 01730


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10004
 (Index No. 9398/08)

[*1]Aurora Loan Services, LLC, respondent,
v
Harriet Dorfman, etc., appellant, et al., defendant.


Jerome T. Dorfman, Oyster Bay, NY, for appellant.
McGlinchey Stafford, New York, NY (Brian S. McGrath, Jason A. McCumber, and Victor Matthews of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Harriet Dorfman, as administrator of the estate of Morton Bialstock, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 25, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate a judgment of foreclosure and sale of the same court entered June 30, 2010, and to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2008, the plaintiff commenced this action against the defendants Morton Bialstock and Harriet Dorfman, among others, to foreclose a mortgage on property located in Oyster Bay. In July 2008, Bialstock interposed an answer to the complaint. Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and, on June 30, 2010, entered a judgment of foreclosure and sale against those two defendants and another defendant. On August 3, 2010, Bialstock died. In an order dated November 29, 2012, a court attorney referee found that the action had been pending for more than one year and directed the plaintiff to "take all appropriate steps, including the filing of a note of issue if applicable, to obtain an order of reference or a judgment of foreclosure and sale, or Notice of Sale along with the affidavit of due diligence as prescribed in Uniform Rule 202.12 no later than April 4, 2013," or the matter would be dismissed as abandoned pursuant to CPLR 3215(c) or dismissed for lack of prosecution pursuant to CPLR 3216(a).
In October 2014, the plaintiff moved for leave to amend the judgment of foreclosure and sale to substitute Harriet Dorfman, as administrator of Bialstock's estate (hereinafter the defendant), in place of Bialstock in the caption. In support of the motion, the plaintiff submitted its attorney's affirmation of compliance with Administrative Order 431/11 of the Chief Administrative Judge of the Courts. By order dated May 13, 2015, the Supreme Court granted the motion. Thereafter, a foreclosure sale was scheduled for November 17, 2015.
In October 2015, the defendant moved by order to show cause, inter alia, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her. The defendant argued, among other things, that the attorney's affirmation submitted by the plaintiff [*2]did not comply with Administrative Order 431/11 and that the plaintiff had failed to comply with the order dated November 29, 2012, directing it to complete all necessary steps in the action by April 4, 2013. In an order entered May 25, 2016, the Supreme Court, inter alia, denied those branches of the motion. The defendant appeals.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with the order dated November 29, 2012. Contrary to the defendant's contention, the order dated November 29, 2012, did not constitute law of the case. The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740 [internal quotation marks omitted]; see Matter of Chung Li, 165 AD3d 1105; Ramanathan v Aharon, 109 AD3d 529, 530; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717). The doctrine did not apply to the November 29, 2012, order, since it was a case management decision, which was based on the discretion of the court (see Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511; Latture v Smith, 304 AD2d 534, 535; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765).
We also agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale entered June 30, 2010, based on the plaintiff's failure to submit an attorney affirmation that fully complied with Administrative Order 431/11. Under CPLR 5015(a), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 789-790). Although the Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Ladd v Stevenson, 112 NY 325, 332; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757, 758; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384; Quinn v Guerra, 26 AD3d 872, 873). Here, the defendant provided no basis pursuant to CPLR 5015(a) for vacatur of the judgment of foreclosure and sale (cf. Bank of N.Y. v Tobing, 155 AD3d 596). Moreover, the defendant failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacatur of the judgment of foreclosure and sale in the interest of substantial justice.
The defendant's remaining contention is without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court