CitiMortgage, Inc. v Maldonado (2019 NY Slip Op 02848)





CitiMortgage, Inc. v Maldonado


2019 NY Slip Op 02848


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-10768
 (Index No. 1169/14)

[*1]CitiMortgage, Inc., respondent,
v
Eugenio Maldonado, et al., appellants, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Christopher P. Kohn and Knuckles, Komosinsky & Manfro [Gregg Verrilli], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eugenio Maldonado and Reynaldo Maldonado appeal from a judgment of foreclosure and sale of the Supreme Court, Queens County (Robert J. McDonald, J.), dated June 9, 2016. The judgment of foreclosure and sale, upon an order of the same court entered March 16, 2016, which, inter alia, granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale, and, in effect, denied the cross motion of the defendants Eugenio Maldonado and Reynaldo Maldonado to vacate so much of a prior order of the same court entered December 10, 2014, as granted those branches of the plaintiff's unopposed motion which were for an order of reference and for leave to enter a default judgment against them, and, thereupon, to dismiss the complaint insofar as asserted against them, inter alia, directed the sale of the subject property.
ORDERED that the appeal is dismissed, except insofar as the appeal brings up for review the order entered March 16, 2016, on the ground that no appeal lies from a judgment of foreclosure and sale entered upon the default of the appellants (see CPLR 5511); and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage. In an order entered December 10, 2014, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference and for leave to enter a default judgment against, among others, the defendants Eugenio Maldonado and Reynaldo Maldonado (hereinafter together the defendants). Thereafter, the plaintiff moved, among other things, for a judgment of foreclosure and sale. The defendants opposed the plaintiff's motion for a judgment of foreclosure and sale and cross-moved to vacate so much of the prior order entered December 10, 2014, as granted those branches of the plaintiff's prior [*2]unopposed motion which were for an order of reference and for leave to enter a default judgment against the defendants, and, thereupon, to dismiss the complaint insofar as asserted against them. In an order entered March 16, 2016, the Supreme Court granted the plaintiff's motion and, in effect, denied the defendants' cross motion. A judgment of foreclosure and sale, dated June 9, 2016, inter alia, directed the sale of the subject property. The defendants appeal from the judgment of foreclosure and sale.
We agree with the Supreme Court's denial of the defendants' cross motion to vacate so much of the prior order entered December 10, 2014, as granted those branches of the plaintiff's unopposed motion which were for an order of reference and for leave to enter a default judgment against the defendants, and, thereupon, to dismiss the complaint insofar as asserted against them. "Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 938; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788; 40 BP, LLC v Katatikarn, 147 AD3d 710). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d at 711; see Woodson v Mendon Leasing Corp., 100 NY2d at 68). Although the court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885; see Ladd v Stevenson, 112 NY 325, 332; Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 757, 758; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790).
Here, the defendants explicitly stated that their cross motion sought vacatur "in the interests of justice." However, they failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see Wells Fargo Bank, N.A. v Choo, 159 AD3d at 938; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790). Additionally, having properly denied vacatur, the Supreme Court properly denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them (see Citimortgage, Inc. v Baser, 137 AD3d 735, 736; see also Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984).
The defendants' remaining contention is without merit.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court