Bank of N.Y. Mellon Trust Co., N.A. v Thonfeld (2019 NY Slip Op 03309)





Bank of N.Y. Mellon Trust Co., N.A. v Thonfeld


2019 NY Slip Op 03309


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-00518
 (Index No. 4278/10)

[*1]Bank of New York Mellon Trust Company, N.A., etc., appellant, 
v
Ina Thonfeld, et al., respondents, et al., defendants.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), and Sandelands Eyet LLP, New York, NY (Laurence R. Chirch of counsel), for appellant (one brief filed).
Law Office of Anthony Mattesi, P.C., New Rochelle, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), entered November 30, 2016. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated November 6, 2014, which directed dismissal of the action due to the plaintiff's failure to comply with a prior order of the same court entered June 16, 2014, and to restore the action to the active calendar.
ORDERED that the order entered November 30, 2016, is affirmed, with costs.
The plaintiff commenced this action to foreclose a residential mortgage in January 2010. The individual defendants, Ina Thonfeld and David Arteta, defaulted in appearing in the action. In April 2013, the plaintiff obtained an order of reference. By letter dated June 27, 2013, the Supreme Court notified the plaintiff that it had 60 days from the date of the letter to submit a judgment of foreclosure and sale for the court to sign; if the plaintiff did not do so, the order of reference would be vacated and the action dismissed. The plaintiff failed to submit a judgment of foreclosure and sale for the court's signature. By order entered September 26, 2013, the court, sua sponte, directed dismissal of the action. Six months later, the plaintiff moved to vacate the September 26, 2013, order and to restore the action to the active calendar. By order entered June 16, 2014, the court conditionally granted the plaintiff's motion, provided that it submitted a judgment of foreclosure and sale for the court to sign within 30 days after the order, and directed that if the plaintiff failed to do so, the motion would be denied and the action dismissed. The plaintiff failed to submit a judgment of foreclosure and sale for the court to sign within 30 days after the June 16, 2014, order. By order dated November 6, 2014, the court denied the plaintiff's motion to vacate the order entered September 26, 2013, and directed dismissal of the action. In July 2016, the plaintiff moved pursuant to CPLR 5015(a) to vacate the November 6, 2014, order and to restore the action to the active calendar. By order entered November 30, 2016, the court denied the plaintiff's motion, and the plaintiff appeals from that order.
CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on [*2]motion, based on the existence of specified grounds: excusable default (see CPLR 5015[a][1]); newly discovered evidence (see CPLR 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see CPLR 5015[a][3]); lack of jurisdiction (see CPLR 5015[a][4]); or upon the reversal, modification, or vacatur of a prior judgment or order upon which it is based (see CPLR 5015[a][5]). Here, the plaintiff did not provide a reasonable excuse for its failure to comply with the orders directing it to submit a judgment of foreclosure and sale within a specified period, or any other basis pursuant to CPLR 5015(a) for vacatur of the November 6, 2014, order of dismissal. Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 5015(a) (see HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 789-790).
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court