Equity Inv. & Mtge. Co. v Smith (2019 NY Slip Op 04360)





Equity Inv. & Mtge. Co. v Smith


2019 NY Slip Op 04360


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-11349
 (Index No. 58583/15)

[*1]Equity Investment & Mortgage Company, respondent,
v
Aubrey Smith, et al., defendants, City of Yonkers, appellant.


Michael V. Curti, Corporation Counsel, Yonkers, NY (Alain M. Natchev of counsel), for appellant.
McGovern & Amodio LLC, White Plains, NY (Michael P. Amodio of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose tax liens, the defendant City of Yonkers appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 19, 2017. The order denied that defendant's motion, in effect, to vacate so much of a judgment of the same court (Orazio R. Bellantoni, J.) dated May 25, 2017, as awarded the plaintiff an attorney's fee in the sum of $9,150.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to foreclose tax liens, asserting a cause of action against the City of Yonkers to recover damages for negligence. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the City. In an order dated March 21, 2017, the Supreme Court, inter alia, granted the plaintiff's motion. On May 25, 2017, the court entered a judgment in favor of the plaintiff and against the City in the principal sum of $58,266.14, including an award of an attorney's fee to the plaintiff in the sum of $9,150. Thereafter, the City moved, in effect, to vacate so much of the judgment as awarded the plaintiff an attorney's fee. In an order dated September 19, 2017, the Supreme Court denied the City's motion. The City appeals from that order.
Although courts have discretionary power to relieve a party from a judgment or order "for sufficient reason and in the interest[ ] of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Katz v Marra, 74 AD3d 888, 890), "[a] court's inherent power to exercise control over its judgment [ ] is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 790). Here, the arguments advanced by the City in support of its motion did not constitute grounds for relief, either under CPLR 5015(a) or pursuant to the Supreme Court's inherent discretionary power to vacate the judgment for sufficient reason and in the interest of substantial justice (see Matter of McKenna v County of Nassau, Off. of [*2]County Attorney, 61 NY2d at 742; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; Alexander v New York City Tr. Auth., 35 AD3d 772).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's denial of the City's motion, in effect, to vacate so much of the judgment as awarded the plaintiff an attorney's fee in the sum of $9,150.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court