LaSalle Bank, N.A. v Delice (2019 NY Slip Op 06485)





LaSalle Bank, N.A. v Delice


2019 NY Slip Op 06485


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04646
 (Index No. 44549/07)

[*1]LaSalle Bank, N.A., etc., appellant,
v
Catherine Delice, et al., respondents, et al., defendants.


McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Victor L. Matthews of counsel), for appellant.
Vital & Associates, PLLC, New York, NY (Y. Andre Vital of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated February 27, 2017. The order denied the plaintiff's motion to vacate an order of the same court dated January 12, 2011, among other things, sua sponte, directing dismissal of the complaint, and to restore the action to the calendar.
ORDERED that the order dated February 27, 2017, is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action in December 2007. None of the defendants served an answer. In October 2009, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference. In May 2010, following settlement conferences held pursuant to CPLR 3408, the action was released from the foreclosure settlement conference part without any resolution. In June 2010, the plaintiff moved for a judgment of foreclosure and sale. However, in October 2010, the plaintiff requested that its motion for a judgment of foreclosure and sale be withdrawn. In an order dated January 12, 2011, the court granted the plaintiff's request to withdraw the motion and, on the ground that it was conserving judicial resources, sua sponte, directed dismissal of the complaint without prejudice and cancelled the notice of pendency.
In October 2016, the plaintiff moved to vacate the January 2011 dismissal order and to restore the action to the calendar. In an order dated February 27, 2017, the Supreme Court denied the motion. The plaintiff appeals.
CPLR 5015(a) provides that a court "which rendered a judgment or order may relieve a party from it upon such terms as may be just." In addition to the specific grounds set forth in section 5015(a), a court may, in its discretion, vacate its own judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226; Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788). However, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. [*2]of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Dorfman, 170 AD3d at 788; IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868).
The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's October 2016 motion to vacate the January 2011 order. The plaintiff offered no evidence of fraud, mistake, inadvertence, surprise, or excusable neglect warranting vacatur in the interests of substantial justice (see Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 939; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 790). Moreover, the plaintiff did not seek permission to appeal from the January 2011 dismissal order or commence a new action. Most importantly, the plaintiff did not provide any explanation as to why it delayed more than five years before filing its motion to vacate, apart from the vague assertion that it hired new counsel because, at some point, the law firm that represented the plaintiff at the time of the January 2011 order subsequently closed. The plaintiff's contention that the delay was justified because its subsequent counsel expended extensive efforts to comply with Administrative Orders 548/10 and 431/11 of the Chief Administrative Judge of the Courts is raised for the first time on appeal and not properly before us (cf. U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1108-1109). The plaintiff's lengthy delay in moving to vacate, failure to adequately explain the delay, and failure to pursue other available avenues of relief support the court's determination not to exercise its discretion to vacate the dismissal order in the interests of substantial justice (see HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790; cf. U.S. Bank N.A. v Ahmed, 137 AD3d at 1108-1109).
In light of our determination, we need not reach the respondents' remaining contentions, which are raised as alternative grounds for affirmance (see Lamberti v Plaza Equities, LLC, 161 AD3d 841).
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court