JP Morgan Chase Bank v Herzberg (2024 NY Slip Op 06583)

JP Morgan Chase Bank v Herzberg

2024 NY Slip Op 06583

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01698
 (Index No. 710164/21)

[*1]JP Morgan Chase Bank, etc., appellant, 
v
Jeffrey Herzberg, etc., et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 9, 2023. The order denied the plaintiff's unopposed motion, in effect, to vacate a prior order of the same court (George J. Silver, J.) dated January 22, 2020, directing dismissal of the complaint pursuant to 22 NYCRR 202.27 upon all parties' failure to appear at a scheduled court conference, to restore the action to the active calendar, and to reinstate a notice of pendency.
ORDERED that the order dated January 9, 2023, is affirmed, without costs or disbursements.
In May 2005, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage encumbering certain real property located in Queens. Almost 15 years later, in an order dated January 22, 2020 (hereinafter the dismissal order), the Supreme Court directed dismissal of the complaint pursuant to 22 NYCRR 202.27 due to the failure of all parties to appear at a scheduled court conference. A short time thereafter in that same month, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated May 25, 2022, the court denied the motion on the ground that the complaint had been dismissed. Four months later, in September 2022, the plaintiff moved, in effect, to vacate the dismissal order, to restore the action to the active calendar, and to reinstate a notice of pendency. In an order dated January 9, 2023, the court denied the motion. The plaintiff appeals from the order dated January 9, 2023.
Generally, "[a] plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action" (Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952; see CPLR 5015[a][1]). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court, and the defaulting party must submit evidence in admissible form establishing both a reasonable excuse and a potentially meritorious cause of action or defense (see Wells Fargo Bank, N.A. v McClintock, 174 AD3d at 952).
Here, the plaintiff's attorney asserted only that upon his "review of the file, neither party was noticed nor appeared for said conference." Under the circumstances presented here, the plaintiff's attorney's bald assertion, without more, was insufficient to establish a reasonable excuse for the plaintiff's failure to appear at the January 2020 conference (see id.; HSBC Bank USA v [*2]Josephs-Byrd, 148 AD3d 788, 790). Moreover, the record reflects that the plaintiff did not seek to vacate the dismissal order until approximately 2½ years after the entry of that order (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 647; Wells Fargo Bank, N.A. v McClintock, 174 AD3d at 952). Since the plaintiff failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether it asserted a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v McClintock, 174 AD3d at 952).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court